192.   ATLANTIC COAST LINE RAILROAD COMPANY *v.* WAYCROSS

ELECTRIC LIGHT AND POWER COMPANY.

HILL, C. J.   1. Whether the killing of the plaintiff's mule was an unavoidable accident, or was due to culpable negligence of the defendant in the running of its cars, was a question of fact; and the verdict of the jury, finding against the company on this issue, will not be disturbed by this court, there being some evidence to support the finding. Especially is this true where two juries have found against the defendant, and their verdicts have been approved by the trial judge.

2. The exceptions made to certain portions of the instructions of the court are wholly without merit. The charge, as a whole, fairly and fully presented the law applicable to the facts.

3. The following request to charge was properly refused: "If the jury find from the evidence that the defendant company could not have rung the bell, put on brakes, and reversed the engine within the limited time after the stock started from the right of way across the track, and the failure to blow the whistle and ring the bell was occasioned by reason of the engineer's being engaged in putting on brakes and reversing his engine, then it would not be negligence to fail to blow the whistle or ring the bell." The court in its charge correctly stated the rule of care which the law imposed upon the defendant, and its freedom from liability, if in the exercise of such care the killing could not have been prevented.          *Judgment affirmed.*

Action for damages, from city court of Waycross—Judge Myers. December 29, 1906.

Submitted February 27,—Decided March 22, 1907.

*Bennet & Conyers, Simon W. Hitch,* for plaintiff in error.

*J. L. Sweat,* contra.